No. 80.—JAMES CLARK, plaintiff in error, *vs.* WILLIAM CARTER, defendant in error.

[1.] The affidavit of a Juror cannot be received to impeach his verdict, or to show that he misapprehended the testimony, or what were his impressions as to the effect of his finding, or that the Jury intended something different from what they found by their verdict.

[2.] Where by agreement before the trial, the plaintiff was to make certain admissions at the trial of the cause, and he did make admissions, to which the defendant did not object, at the time the same were made, on the ground they were not as full as the plaintiff promised to make: *Held*, that it was too late, after verdict, to move for a new trial, on the ground of surprise, after having acquiesced in the sufficiency of the admission, at the trial.

[3.] Applications for new trials, on the ground of newly discovered evidence, are not favored by the Courts; but when the affidavit of the witness is produced, stating what he will swear, and it is shown that the knowledge of the newly discovered evidence, was acquired by the party app'ying, since the trial; that it was not owing to the want of due diligence that he did not obtain it sooner; that it is not cumulative only, and that it is material, and might probably produce a different verdict, a new trial will be granted.

---

*Since this opinion was delivered to the Reporter, the distinguished Judge has departed this life—REP.

Debt, in Stewart Superior Court. Tried before Judge IVER-SON.

This was an action from Stewart County, founded on a promissory note, a verdict for the plaintiff, and a motion for a new trial :

The facts, as shown by the record, are briefly these.

The note sued on, was in the following terms, to wit: By the first day of January next, I promise to pay James Clark, administrator of Bryan Bedingfield, deceased, or bearer, nine hundred and sixty-six dollars and thirty-seven cents, for value received. This 2d October, 1849.    (Signed) William Carter.    To this action, the defendant filed several pleas, and among them one in which he pleads : That the note sued on, was one given by him in renewal of two notes made by Frederick Beall and the defendant, to one Marmeduke Gresham, the then executor of said Bryan Bedingfield, (for the rent for the hotel in the town of Lumpkin, belonging to the estate of said Bedingfield,) for the years, 1846, '47, '48, and that at the date of the making said notes, to wit: on the 18th day of April, 1846, it was agreed by and between said Beall, this defendant, and the said Gresham, that the said Beall and defendant should rent the tavern, at the rate of five hundred dollars for each and every year ; that is to say, the years, 1846, '7 and '8, and gave their notes for the same. And the said Gresham, upon his part, agreed to allow to said Beall and this defendant, and would deduct from the amount of their notes, whatever expenses might be incurred by said Beall and this defendant in furnishing furniture for said hotel, repairing the same, and such other expenses as might be necessary in keeping said hotel for their term of rent.    And the defendant pleads that the amount paid out by the said Beall and this defendant, in conformity to this agreement, was the sum of nine hundred and eighty-nine dollars, and seven cents.

And the defendant further pleads, that the estate of said Bryan Bedingfield, deceased, was on the 1st day of January, 1847, indebted to the defendant in the sum of one hundred and twenty dollars, for the board of the widow and children of the said Bed-

ingfield, which said sum he offers to set-off against the amount claimed by the said administrator. The case having been submitted to the Jury, and much testimony having been introduced by the defendant in support of his pleas, the Jury found a verdict for the plaintiff; whereupon the defendant moved for a new trial, on the grounds,

That the verdict was contrary to evidence, and to the charge of the Court,

Because the Jury misapprehended the evidence and admissions of the parties before them on the trial of said cause.

Because of surprise on the trial of said cause, in this, that the admission of the plaintiff in reference to the agreement between the plaintiff and the defendant, at the time the note sued on was given (as to the note sued on being substituted for the original notes,) was not so full as was the said agreement. And because counsel for plaintiff argued and spoke to the Jury in violation of said agreement.

And upon the ground that he had discovered since the trial, that he could prove by Burrell K. Harrison, that the furnishing of the tavern and the keeping it in repair, was to be done by the said Beall and Carter, and not by said Gresham, but was to be deducted from the rent notes. That the facts came to his (defendant's) knowledge since the trial of said cause, though he had been diligent in searching for said testimony.

And because the verdict was contrary to the weight of evidence.

The defendant then submitted the affidavit of B. K. Harrison in support of his (defendant's) affidavit as to the newly discovered testimony.

And the affidavit of one of the Jurors as to the misapprehension of a portion of the testimony in support of the application for a new trial. The Court sustained the motion, and the plaintiff excepted to said decision, and thereupon assigns error.

CLARK & WELLBORN, for plaintiff in error.

GAULDEN & HOLT, for defendant in error.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The first ground taken for a new trial, which we shall notice, is that which relates to the misapprehension of the evidence by one of the Jurymen on the trial of the cause.

Isaac L. Streetman, one of the special Jurors who tried the cause, made an affidavit, in which he states, "that he returned his verdict in the case for the plaintiff, under the supposition that there had been a settlement between the parties of the accounts in defendant's plea, from the fact that the note sued on was of a younger date than the accounts in said plea, and for a smaller amount than the original notes given by Beall and Carter, to Gresham, and if he had not so understood the case, he would not have returned his verdict for the plaintiff."

The affidavits of Jurors cannot be received to show their impressions as to the effect of their finding, or that they intended something different from what they found by their verdict. *The People vs. Columbia,* 1 *Wendell's Rep.* 297. The affidavit of a Juryman cannot be received to *impeach* his verdict. *Voize vs. Delaval,* 1 *Term Rep.* 11. The admission of such affidavits by Jurymen, after they have rendered their verdict, for the purpose of setting the same aside and obtaining a new trial, would, in our judgment, be productive of an intolerable practical mischief.

[2.] The next ground taken for a new trial is, that the admissions of the plaintiff at the trial, were not as full as he agreed with the defendant he would make them, and therefore he was surprised. The admissions made by the plaintiff are stated in the record, and so far as the record discloses, there was no objection made at that time, that the admission of the plaintiff was not as full as he promised the defendant to make it. The defendant is too late in *manifesting his surprise, after acquiescing in the sufficiency of the admission at the trial.* If it was not so full as the plaintiff had promised, why did not the defendant express his *surprise at that time,* and ask the Court for a continuance of the cause on that ground?

[3.] The motion for new trial, however, must prevail, on the ground of newly-discovered evidence. To lay the foundation for a new trial on this ground, the affidavit of Burrell K. Harrison has been filed, in which he states, "that he had frequent conversations with Beall & Gresham, about the rent of the tavern, and I understood from the parties that Beall should take the tavern and furniture at five hundred dollars per annum, and that the furniture, lot, house, stables, &c., should be kept up by Beall, and the amount so expended to be deducted from the rents, and the previous furniture, &c. to be returned as found, except the actual wear and tear; after Beall had taken the tavern some time, I heard a conversation in relation to the crockery-ware, &c.; some words passed; Gresham seemed to think that there was too much carelessness among the servants. Beall inquired of Gresham where he should get the articles, and to whom they should be charged; Gresham told him he did not care where, or to whom they were charged, but to get them and make the servants more careful." In support of the application, Carter, the defendant, has also filed his affidavit, in which he states, "that at the time of the trial of the cause he was not aware of Harrison's testimony, and that it has come to his knowledge since the trial of the cause; that he was diligent in searching up testimony for the trial thereof, and that if he had known of said testimony, at the time of the trial, he would have had Harrison sworn as a witness in the cause." The application for the new trial in this case, is within the rule prescribed by this Court, in *Berry vs. The State of Georgia,* 10 *Georgia Rep.* 512.

Let the judgment of the Court below granting the new trial, on the ground of newly discovered evidence, be affirmed.