JOHN L. MOORE, plaintiff in error, *vs.* JAMES S. EWINGS *et al.*, administrators of W. A. HOUSTON, defendants in error.

1. As there is sufficient evidence in this case to sustain the verdict, and as the newly discovered evidence is only commulative, and would not, necessarily, change the verdict, there was no error in refusing a new trial.
2. Newly discovered testimony is only a ground for a new trial, when, if it were heard by the jury, it must, with considerable certainty, control the verdict.

New trial. Newly discovered evidence. Before Judge GREEN. Spalding Superior Court. February Term, 1871.

In 1863, W. A. Houston bought of Moore thirteen bales of cotton, which Moore was to keep and deliver to him at the end of the war. On the 4th of August, 1865, Moore gave Houston his note for $291 00 in currency, with interest from date. Houston sued Moore on this note. He pleaded that the consideration " was a Confederate consideration, worth only fifty for one," and claimed the benefit of the Relief Act of 1868.

Moore *vs.* Ewings *et al.*

The evidence of Houston was that four bales were missing when he demanded the cotton, and upon his letting Moore keep one bale, he gave said note in compromise of the claim for the missing cotton. Moore testified to his losses during the war, and said that there was not so much missing as Houston thought; he accounted for the missing cotton, except for one bale taken by him, by bad weather, etc., etc., showed that he was paid for it in Confederate currency, and showed its value at the time of payment. The jury found for the plaintiff the full amount of the note. Moore moved for a new trial upon the ground that the verdict was strongly and decidedly against the weight of the evidence, and because of newly discovered evidence. This newly discovered evidence was, by an affidavit by Moore, that five bales of cotton was put with that sold by oversight, of which he had no notice till after the trial. This testimony, he contended, would show that his account of the missing cotton was correct. The new trial was refused, and that is assigned as error.

PEEPLES & STEWART; DOYAL & NUNNALLY, for plaintiff in error.

SPEER & BECK, for defendants.

McCAY, Judge.

1. It would, we think, be a decided infringement on the right of jury trial, to reverse this judgment, on the ground that the jury found contrary to the evidence. The most that can be contended for, is, that the weight of the evidence is against the verdict, since there is one witness who, if he is to be believed, states facts demanding just such a verdict. *Prima facie*, too, the case is with the plaintiff below, since the very giving of the note is an acknowledgment of a debt to the amount specified in the note. The burden of showing a mistake was upon the defendant at the trial. We have no

Moore *vs.* Ewings *et al.*

acquaintance with the old gentleman whose testimony the counsel of the plaintiff in error gives such implicit credence to. We presume, however, the jury knew the witness. We are constrained to say, we do not agree with the plaintiff's counsel, that the weight of testimony is against the verdict. We do not think the mistake is, by any means, clearly made out, and the witness upon whom he relies so implicitly, however good and upright a man he may be, is evidently of frail memory, since he does not seem to know how many bags of cotton he had at the close of the war. The new testimony is not only cumulative, but we do not think it would materially help the case. It is still almost inexplicable, how this note should have been made, on the theory of the plaintiff in error. That there was a mistake in it, would, even with the new evidence, be only matter of inference, and that too, against the positive testimony of the payee of the note, who, if anybody, knows the facts, is supposed to be fully aware of what took place.

2. Newly discovered testimony is only a ground for a new trial, when, if it were heard by the jury, it must, with considerable certainty, control the verdict. We cannot see that such must have been the case. A verdict would have been sustainable under the evidence, even with this testimony. Our system of jurisprudence leaves the determination of questions of fact to the jury. The Court can only interfere when the verdict is strongly and decidedly against the weight of evidence, and even then the Code leaves much to the discretion of the Circuit Judge. We think the law right, and we would not change it if we could. Our experience is, that the jury is more often right than the Judge. The verdict of twelve men is, generally, correct, unless they be mistaken as to the law, and we repeat again, that we are indisposed to interfere with verdicts, especially if the Judge declines so to do.

Judgment affirmed.