Widener *vs.* The State of Georgia.

Judgment reversed.

---

REUBEN WIDENER, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

Where a motion is made for a new trial, in a case where the evidence was conflicting, and one of the grounds was that the defendant could prove by a witness certain material facts, which would probably alter the verdict, and it appears by the defendant's affidavit, that it had not occurred to him that the witness was present at the transaction, until it was mentioned by one of the state's witnesses on the trial, and this was accompanied by the affidavit of the witness who lived in another county, verifying the truth of the ground taken :

*Held*, that under the special circumstances of this case, and in view of the evidence on the trial as appears of record, the new trial ought to have been granted.

Criminal law. New trial. Newly discovered evidence. Before Judge KIDDOO. Miller Superior Court. October Term, 1874.

Widener was placed on trial charged with being a common cheat, in this that he, on December 1st, 1873, did put ten pounds of water into a bale of ginned cotton, with the intent to increase the weight of said cotton, and to sell the same, and that he afterwards did sell the same to one F. M. Platt. The defendant pleaded not guilty. The evidence was, in brief, as follows :

William H. Cook, sworn : The bale of cotton referred to was packed on his screw. It was carried to Colquitt in wagon by witness, Arthur Cato and defendant. As they traveled

along the road the cotton appeared to be wet. Water was dripping out of the bottom side. They turned it over. Witness said to defendant that would be against him, witness, as people might say that he had ginned cotton wet to make it hold out. Don't know why he turned bale of cotton over except he said "we had better turn it over and get shed of it before the other side got to dripping." Has ginned and helped to gin bales of cotton but never saw one drip water before. Sold it to Platt shortly after they arrived in town. Saw no water put into the cotton. Observed some wet places on the lint room floor.

Willis Cook, sworn : Was present at the packing of the bale of cotton referred to. Witness and defendant sprinkled about two buckets of water on the cotton. Suppose that the water would weigh ten or fifteen pounds. Was not present all the time the packing was going on. The above water was used while he was there. They had sprinkled the box once or twice before that, which caused the wheel to jump.

F. M. Platt, sworn for defense: Witness purchased the bale of cotton from defendant. Never saw anything in it but lint. It was wet on the outside, but witness knocked off ten pounds on account of that. It had rained on the previous night. Sampled the cotton before purchasing and pronounced it mighty good. Was satisfied it had rained on this bale or would not have bought. Did not sample it with a gimlet but only with his hand. It weighed four hundred and eighty-four pounds, from which he knocked off ten pounds on account of its being wet. Kept it two months and then sold it. At time of sale it weighed four hundred and seventy-one pounds. Never shipped a bale of cotton in his life which held out. They will lose about ten pounds in twelve days. Generally knocks off a plenty for water when he buys cotton.

Isaac Bush, sworn : Platt, in endeavoring to borrow money from witness, said that he would turn over bale of cotton to witness. Ran his fingers into it but did not discover that it was wet. (This was shown to be the cotton referred to in the indictment by other testimony.)

The jury found the defendant guilty. He moved for a new trial because the verdict was contrary to the evidence and because of newly discovered evidence. In support of the last ground the following affidavits were appended:

"STATE OF GEORGIA—MILLER COUNTY:

"I, Reuben Widener, do solemnly swear that, since my trial and conviction at the present October term of Miller superior court for the offense of being a common cheat, I have discovered new and material evidence, as set forth in the affidavit of Arthur Cato, hereto attached; and this deponent further swears that he used all diligence in procuring evidence in his case before trial; that he had not remembered that Arthur Cato was present at the time the offense is charged to have been committed until one of the witnesses for the state (William Cook,) testified to the fact; that it was then too late for him to procure his testimony, the said Arthur Cato having immediately after said transaction removed to Baker county; nor did this deponent know what said Cato would testify to, but only knowing that he was present from the testimony of said Cook, he at once dispatched a messenger for him, and hence has come to the knowledge of what he would testify to since his trial and conviction. (Signed) REUBEN WIDENER. "Sworn to and subscribed before

me, October 16, 1874.

"WILLIAM B. DANIEL, ordinary."

"STATE OF GEORGIA—MILLER COUNTY:

"I, Arthur Cato, do solemnly swear that I was present at the ginning and packing of a bale of cotton belonging to Reuben Widener, at Cook's gin, some time in October, 1873. When they commenced to pack said bale of cotton, Willis Cook told Reuben Widener to put some water on it to make it pack better, and went and brought a bucket of water. Reuben Widener took a shuck and wet it in a bucket of water and sprinkled it one time over the cotton. He then stopped and sat down and said he could not put water in his

cotton, and then went off to where they were ginning. Willis Cook then took the bucket of water and said he could wet the cotton, and poured the bucket of water over the cotton. Willis Cook then went and brought another bucket of water. By this time Reuben Widener came back and saw what Willis Cook had done, and was going to do, and he told him to quit or he would ruin his cotton, and he would not have him to put water on his cotton for the whole bale. Willis Cook then threw some of the water he had in the bucket over the cotton, and set the bucket down with the balance of the water in it. I lived about three hundred yards from William Cook's gin-house. The night after Reuben Widener's cotton was packed it rained at my house. The next morning I went to the gin-house and helped to load the wagon with Reuben Widener's bale of cotton. It lay out all night on the side, and was wet from the rain on the side that was up. Soon after this transaction I removed to Baker county. I never communicated any of these facts to Reuben Widener, or to his attorneys, H. C. Sheffield and R. E. Kennon, until after the trial of said Reuben Widener, and he was found guilty.

(Signed)          "ARTHUR CATO.

"Sworn to and subscribed before
me, October 15, 1874.

"WILLIAM B. DANIEL, ordinary."

The usual affidavit of defendant's counsel as to the evidence being newly discovered.

The motion for new trial was overruled, and defendant excepted.

R. E. KENNON; A. HOOD; H. C. SHEFFIELD, for plaintiff in error.

JAMES T. FLEWELLEN, solicitor general, by JOHN T. CLARKE, for the state.

McCay, Judge.

We are not sure that we may not be going too far in granting a new trial in this case. The diligence of the defendant is not very apparent, but the evidence to sustain the finding is so slight that it seems to us, on the whole, that the principles of justice require a new trial. If the defendant tells the truth in his affidavit, it is probably true that he is not chargeable with negligence. The indictment does not set forth the details of the transaction, and it may be that he did not know what particular transaction might be proven. It may be that he had no occasion to call to mind the presence of the witness until he heard the other witness testify in reference to which transaction he was accused. The indictment is general and specifies no particular transaction. We therefore grant a new trial, though we do so with some hesitation, largely because, under the evidence, we think the verdict but just sustainable.

Judgment reversed.