GREGORY *v.* HARRELL.

The newly discovered evidence in this case tending to show ratifica-
tion on the part of the plaintiff of her husband's exchange of her
mule for a horse is not' cumulative, and this evidence, taken in
connection with all the circumstances surrounding the case, would
probably produce a different result on another trial.

December 7, 1891.                                  *Judgment reversed.*

New trial. Newly discovered evidence. Before Judge
RONEY. Burke superior court. May term, 1891.

Mrs. Gregory sued R. T. Harrell in trover for a mule.
On the trial the evidence for plaintiff was to this effect:
In 1886, being a married woman, she bought a mule
and paid for it with her own money. In 1887 she sepa-
rated from her husband, and he traded the mule to
J. P. Harrell for a horse, without her consent. She did
not know anything about the death of J. P. Harrell or
about the administration on his estate, and the adver-
tisement and sale of the mule at administrator's sale.
She did not authorize her husband to sell or trade the
mule, and was sick at the time he took the mule off.
The mule is in possession of the defendant, and is worth
$165. She did not go to see Mr. Harrell about the mat-
ter, but wrote him a letter.

For the defendant the testimony was: He lived with
J. P. Harrell up to his death in July, 1887, and at-
tended to his business. Plaintiff did not give J. P. Har-
rell any notice that the mule was hers. Defendant ad-
ministered on his estate, and in December, 1887, sold the
mule at administrator's sale, and it was bid off by one
Regan who afterwards sold it to defendant, who had no
notice that plaintiff claimed it, or that there was any

question about the title, until the suit was brought. He paid $126 for the mule, and it would be worth about $20 a year rent. One Smith Harden heard plaintiff tell her husband to take the mule and go do what he pleased with it.

The jury found for the plaintiff $125, and rent at $20 per year. Defendant moved for a new trial upon the grounds that the verdict was contrary to law and evidence, and because of newly discovered evidence. In support of the latter ground he produced affidavits to this effect : Plaintiff told one Oglesby, in the presence of her husband, that her husband wanted to rue the trade with Harrell, but he had made a good trade for her, that the eyes of the mule were nearly out, and she would not agree to the rue. In the presence of one Williams, she told her husband to trade the mule for a horse, that she "had rather have a horse than a bad and half-blind mule, and suit himself as to the trade." Oglesby and Williams did not communicate these facts to defendant until after the trial. They are reputable citizens of good character and credible ; Oglesby is a practicing physician in good standing as a physician and man, and Williams a hard-working intelligent man with the reputation of being honest and truthful. Defendant and his counsel were ignorant of the testimony of Oglesby and Williams until after the trial, etc. For counter-showing, the plaintiff by affidavit denied that she ever had any conversation at any time with either Oglesby or Williams, and averred that she did not know Williams.

The motion was overruled, and defendant excepted.

Phil. P. Johnston, for plaintiff in error, cited 37 *Ga.* 28, 459, 676 ; 33 *Ga.* 200 ; 62 *Ga.* 53 ; 12 *Ga.* 500.

R. O. Lovett, *contra*, cited 55 *Ga.* 697 ; 56 *Ga.* 403 ; 60 *Ga.* 210 ; 59 *Ga.* 391, 514, 856 ; 51 *Ga.* 602 ; 44 *Ga.* 354 ; 42 *Ga.* 463 ; 41 *Ga.* 657 ; 54 *Ga.* 305 ; 78 *Ga.* 127 ; 87 *Ga.* 244.