### . TIFT *v.* McCASKILL *et al.; et vice versa.*

ATKINSON, J. The main bill of exceptions assigns error on a judgment rendered at an interlocutory hearing, refusing a temporary injunction. The action was instituted by a lessor of certain gasoline and oil filling-stations and the realty on which they were situated, seeking to enjoin the defendants, claiming under the lease, from further use of the property, upon several grounds, one of which was that the contract of lease was unilateral and constituted only a tenancy at will, which had been terminated by the lessor giving the defendants notice to vacate. The contract was signed by the lessor and lessee. The specified term was for five years at stated monthly rental, and the lessee was "given the

right and option, however, to cancel this lease contract upon giving the said lessor a thirty-day written notice." The lease was executed to carry out in part a preliminary contract signed by both parties for lease of the property and sale of other property for a consideration of $5000, five hundred dollars of which was paid at the time of the preliminary contract and the balance at the time of the execution of the lease and a separate bill of sale of the other property. The bill of sale purported to be based on a consideration of $5000, and did not mention the preliminary contract or the lease. The lease did not mention the preliminary contract or the $5000. *Held:*

1. The preliminary contract was admissible to show that the consideration expressed in part entered into the consideration for the lease, and was properly admitted over the objection that it was merged in the subsequent lease and bill of sale.

2. The lessee entered into possession of the property and made payments of the consideration. The lease contract did not depend for its consideration upon mutual promises alone. In the circumstances the contract was not rendered unilateral by the provision therein giving the lessee the right to cancel at his option by giving the lessor 30 days written notice.

3. In the brief of the attorneys for plaintiff in error it is stated that the only issues involved are (1) whether the lease contracts are unilateral, and (2) whether the court erred in overruling the objection to the admission of the preliminary contract. These questions are sufficiently dealt with in the preceding note; and all other questions made by the assignments of error in the main bill of exceptions will be treated as abandoned.

4. The cross-bill of exceptions is typical, following the statute as to the manner of bringing cross-bills of exception to the Supreme Court, but is insufficient as a main bill of exceptions and can not be so regarded by the Supreme Court, although the exception is one that might appropriately have been made in a main bill of exceptions. In the circumstances the case falls within the general rule that where the judgment of a trial court is affirmed on the main bill of exceptions the cross-bill of exceptions will be dismissed.

*Judgment affirmed on the main bill of exceptions. Cross-bill of exceptions dismissed. All the Justices concur.*

Nos. 7538, 7539. October 3, 1930.

*Smith & Ferguson* and *Fulwood & Forrester,* for plaintiff.
*C. A. Christian* and *Steve F. Mitchell,* for defendants.