### MATTHEWS *et al. v.* GRACE.

No. 15151. MAY 10, 1945. REHEARING DENIED JUNE 7, 1945.

402

*W. J. Wallace,* for plaintiffs in error.

*W. B. Mitchell,* contra.

DUCKWORTH, Justice. (After stating the foregoing facts.) ■ It is declared in the Code, § 48-106: "The exclusive possession by a child of lands belonging originally to the father, without payment of rent, for the space of seven years, shall create conclusive presumption of a gift, and convey title to the child, unless there shall be evidence of a loan, or of a claim of dominion by the father

acknowledged by the child, or of a disclaimer of title by the child." Under the provisions of the quoted statute, the evidence upon the trial authorized the verdict, and the general grounds of the motion for new trial are without merit. The evidence authorized a finding that the alleged gift was made in 1929, and that the petitioner went into possession immediately and has remained in possession ever since. The two crop mortgages for the years 1930 and 1931, bearing a writing signed by the petitioner's father, whereby he waived his landlord's liens for rent for those years, showed "a claim of dominion by the father acknowledged by the child," which under the statute would rebut the conclusive presumption thereunder for the year 1931. The evidence shows that the father, and not the son, returned the land for taxes and paid the taxes thereon during the entire period, and, whether or not sufficient to overcome the statutory presumption of a gift, was insufficient to demand a verdict to that effect. From 1931 through 1939, the year in which the father died, aside from the payment of taxes there was no evidence of a claim of dominion by the donor acknowledged by the donee or of the payment of rent. While the defendant administratrix testified that the petitioner paid the rents after the death of his father in 1939, there was a period of more than seven years subsequently to 1931 during which the petitioner was in possession without the payment of rent, which the jury under the evidence was authorized to find gave title to the petitioner under the terms of the statute.

The special ground presents evidence that is obviously material. It is not merely cumulative or impeaching in character: See *Cooper* v. *State,* 91 *Ga.* 362 (2) (18 S. E. 303) ; *Fellows* v. *State,* 114 *Ga.* 233 (39 S. E. 885). It is material, in that it very definitely breaks the continuity of possession, subsequently to 1931, by the petitioner without the payment of rent and without a claim of dominion by the donor acknowledged by him for the statutory space of seven years. If this evidence is true, and it will be so treated since there was no countershowing or challenge of its correctness, the petitioner paid rent on the land involved for the years 1935, 1936, and 1937, and his father, as the owner and landlord, collected the rent thereon for the years mentioned. We are familiar with the often-stated policy of the law to end litigation, and for this reason ordinarily look with disfavor upon the grant of

a new trial upon newly discovered evidence, but this policy of the law must and does yield to the higher and supreme object of the law which is to do full justice in all cases. Newly discovered evidence is made a ground for new trial by statute. Code, § 70-204. It is there declared that: "A new trial may be granted in all cases when any material evidence, not merely cumulative or impeaching in its character, but relating to new and material facts, shall be discovered by the applicant after the rendition of the verdict against him, and shall be brought to the notice of the court within the time allowed by law for entertaining a motion for a new trial." While the statute states that a new trial "may be granted," this does not mean that in a proper case, where all the rules of law have been met, a new trial may or may not be granted, but on the contrary it means that in such a case a new trial must be granted. *Werk* v. *Big Bunker Hill Mining Corp.*, 193 *Ga.* 217, 228 (17 S. E. 2d, 825). But, if any of the legal requirements applicable to such a ground has not been met, a new trial will not be granted; and on matters resting in the sound discretion of the trial judge he may, in the exercise of that discretion, deny a new trial. The Code, § 70-205, specifies certain supporting affidavits essential to the validity of such a ground; and it has been held by this court that, unless such newly discovered evidence would likely produce a different result upon another trial, it is not error to overrule the motion. *Anderson* v. *State*, 190 *Ga.* 455 (9 S. E. 2d, 642); *Mills* v. *State*, 193 *Ga.* 139 (17 S. E. 2d, 719); *Cannon* v. *State*, 194 *Ga.* 277 (21 S. E. 2d, 689). The movant and his counsel must show that they were diligent in seeking to discover such evidence. *Redding* v. *State*, 183 *Ga.* 704 (2) (189 S. E. 514); *Mills* v. *State*, supra. Such a ground of a motion for new trial is addressed to the sound discretion of the trial judge. *Frank* v. *State*, 142 *Ga.* 617 (83 S. E. 233); *McCoy* v. *State*, 191 *Ga.* 516, 518 (5) (13 S. E. 2d, 183). His judgment, unless it is an abuse of discretion, will not be disturbed. *Hall* v. *State*, 141 *Ga.* 7 (80 S. E. 307); *Harris* v. *State*, 149 *Ga.* 724 (2) (102 S. E. 159); *Southwell* v. *State*, 188 *Ga.* 310, 311 (2) (4 S. E. 2d, 26); *Welch* v. *State*, 190 *Ga.* 161 (2) (8 S. E. 2d, 645). But it must be remembered that the sound discretion here referred to is subject to the law, and that it is an abuse of discretion to render judgment contrary to fixed rules of law. The judge is the trior of whether or not sufficient

diligence has been shown. *Redding* v. *State,* supra; *Mills* v. *State,* supra. As pointed out by this court in *Moore* v. *Ulm,* 34 *Ga.* 565, the well-defined rules of law applicable to such a ground insure against any injury resulting from its abuse. The main attack on this ground of the motion is based upon the fact that the affidavit of the movants and their counsel contains a general statement that they could not have discovered the new evidence by the exercise of ordinary diligence. It is insisted that such a general statement is a mere conclusion, and that the affidavit does not contain a statement of facts sufficient to enable the trial judge to determine whether or not proper diligence is shown. It has been stated by this court that such an affidavit should allege acts, and that a mere general conclusion is insufficient. *Patterson* v. *Collier,* 77 *Ga.* 292 (3 S. E. 119); *Redding* v. *State,* supra; *Mills* v. *State,* supra. The affidavit here involved is not subject to the criticism made. It asserts that the affiants prior to the trial made search of the records of the county, and could find no rental contracts, and that they searched the possessions of Dolphus Grace to which they had access, in an attempt to discover such facts. This was sufficient to satisfy the rule. It shows an endeavor to discover evidence of the very fact which the new evidence here established. It would be unreasonable to require more. Certainly there was no fact or circumstance pointing out this new witness to the affiants as a person having such knowledge. They could not read his mind, and his affidavit shows that he never disclosed such matters to either of the said affiants prior to the trial. The affidavit is not subject to the attack made upon it. This ground meets every requirement of the law. It was an abuse of discretion to overrule the same. *Clark* v. *Carter,* 12 *Ga.* 500 (58 Am. D. 485); *Moore* v. *Ulm,* supra; *Mills* v. *May,* 42 *Ga.* 623; *Widener* v. *State,* 54 *Ga.* 311; *Gregory* v. *Harrell,* 88 *Ga.* 170 (14 S. E. 186); *G. S. & F. Ry. Co.* v. *Zarks,* 108 *Ga.* 800 (34 S. E. 127).

*Judgment reversed. All the Justices concur.*