## 34346. WIGGINS *et al. v.* LORD.

DECIDED JANUARY 28, 1953.

*Cain & Smith,* for plaintiff in error.

*Bell & Baker,* contra.

SUTTON, C. J. ■ "A new trial may be granted in all cases when any material evidence, not merely cumulative or impeaching in its character, but relating to new and material facts, shall be discovered by the applicant after the rendition of a verdict against him, and shall be brought to the notice of the court within the time allowed by law for entertaining a motion for a new trial." Code, § 70-204. "A witness may be impeached by contradictory statements previously made by him as to matters relevant to his testimony and to the case. . ." § 38-1803. The testimony of E. D. Jones, as set out in the affidavit supporting the fourth special ground of the motion, consisted of declarations by Milton Thompson who was not a party to the case. Such testimony is ordinarily classed as hearsay (*Hattaway* v. *Dickens,* 163 *Ga.* 755 (5), 137 S. E. 57), but is admissible for the sole purpose of impeachment under Code § 38-1803, supra. Therefore, such newly-discovered evidence is not a ground for a new trial.

However, extrajudicial admissions of a party are not merely impeaching; and where such admissions show a new and distinct right to recover, or a different theory of recovery from that relied upon at the trial (*Mills* v. *May,* 42 *Ga.* 623 (2); *Gregory* v. *Harrell,* 88 *Ga.* 170, 14 S. E. 186), or where similar extrajudicial admissions of the same party were not proved upon the trial of the case (*Collins* v. *Loyd,* 31 *Ga.* 128), such evidence may be ground for a new trial. But such does not appear in the present case.

Evidence is said to be cumulative if it is of the same grade and tends to show the same facts as the evidence already adduced on the trial of the case. *Johnson* v. *State,* 196 *Ga.* 806 (2) (27 S. E. 2d, 749). Where the newly discovered evidence consists only of the probable testimony of other witnesses as to the admissions of a party, which are to the same effect as the admissions of that party already proved upon the trial of the case, such evidence is not ground for a new trial. *Hawkins* v.

*Kermode,* 85 *Ga.* 116 (4) (11 S. E. 560); *Erskine & Co.* v. *Duffy,* 76 *Ga.* 602 (5); *Hammond* v. *Scoggins,* 21 *Ga. App.* 406 (94 S. E. 582); *McKinnon* v. *Henderson,* 145 Ga. 373 (3) (89 S. E. 415).

Upon the trial of the present case, the defendant relied upon the testimony of the Pelham storekeeper to show that Lord had admitted to him, just prior to consummating the transaction in question, that he was intending to trade his Chevrolet truck to Wiggins; and the defendant also introduced the testimony of the man who worked in the Ford agency in Pelham to show that the defendant had stated to the witness the terms of the trade of Lord's Chevrolet truck for Wiggins' Ford truck, in Lord's presence and hearing, under circumstances requiring Lord to have denied the statement in derogation of his asserted title to the Chevrolet truck if the statement was untrue (Code, § 38-409), thereby rendering Wiggins' declaration the admission of Lord, as it would otherwise have been objectionable as a mere self-serving declaration.

The evidence set out in the first three special grounds of the motion consisted of similar admissions by Lord, although made to other witnesses, all to the effect that Lord had traded his Chevrolet truck for Wiggins' Ford truck. This was evidence of the same grade and tending to show the same facts as the evidence already adduced on the trial, and so it was cumulative. We are unable to say, any more than were the two courts which have already passed upon the question, that the evidence offered in support of the motion would have probably produced a different result if submitted to a jury upon another investigation; and therefore it does not require a new trial.

■ While the general grounds of the motion for new trial were insisted upon in the petition for certiorari, they are neither argued nor insisted upon in this court, and are treated as abandoned.

■ The judge of the superior court did not err in overruling the assignments of error in the petition for certiorari.

*Judgment affirmed. Worrill, J., concurs. Felton, J., concurs specially.*

FELTON, J., concurring specially. I concur in the judgment for the reason that the trial judge was authorized to find that

the defendant and his counsel could have discovered the alleged newly discovered evidence by the exercise of ordinary care before trial. The defendant contended that he anticipated that the plaintiff would contend only that there was a rescission of the trade of the Chevrolet truck, and did not anticipate that the plaintiff would contend that the Chevrolet truck was merely loaned to the defendant. At the trial the defendant put up two witnesses to rebut the plaintiff's testimony that the Chevrolet truck was loaned to the defendant and not traded. In the absence of explanation as to why these witnesses were present and available for such purpose other than the defendant's anticipation of the claim made by the plaintiff, the judge was authorized to find that the defendant anticipated the contention that the Chevrolet truck was loaned and not traded, and that by the exercise of ordinary care he could have discovered before the trial the evidence allegedly newly discovered.