34783, 34784.  LANDER MOTORS, INC. *v.* LEE TIRE & RUBBER COMPANY OF NEW YORK; and *vice versa.*

Decided November 24, 1953.

198

*Fisher & Phillips, T. Charles Allen,* for plaintiff in error.
*Sam G. Dettelbach,* contra.

GARDNER, P. J. ■ The evidence was such that a verdict and judgment in favor of the defendant was properly rendered. Besides, in the brief of counsel for the plaintiff company (now plaintiff in error in the main bill of exceptions in this court), it is stated: "Since the trial judge denied plaintiff's amended motion for a new trial by overruling 'each and every ground thereof,' the plaintiff will not insist upon the general grounds of the original motion for a new trial before the court. Arguments will be presented in support of grounds, five, six, and seven of plaintiff's amended motion for new trial."

Where the plaintiff assigned error on the verdict as having been contrary to the evidence, but in his brief does not insist on such, this court will treat same as abandoned. *Morrison* v. *Brown,* 21 *Ga. App.* 217 (3) (94 S. E. 85). General grounds of the motion for a new trial neither argued nor insisted upon in this court will be treated as abandoned. See *Tyner & Blackmon* v. *Fryer &c. Co.,* 85 *Ga. App.* 518, 525 (69 S. E. 2d 793); *Wiggins* v. *Lord,* 87 *Ga. App.* 486 (74 S. E. 2d 389); *Padgett* v. *Reaves,* 86 *Ga. App.* 137 (70 S. E. 2d 922). In the present case the plaintiff expressly abandons the general grounds of its motion for a new trial and proceeds to argue and insist upon only three special grounds. Where the plaintiff states in his brief that only certain questions are involved, all other assignments of error will be treated as abandoned. *Tift* v. *McCaskill,* 171 *Ga.* 289 (3) (155 S. E. 192). In *Georgia &c. Ry. Co.* v. *Florida &c. Co.,* 10 *Ga. App.* 38 (72 S. E. 511), this court held that, there being no assignment of error that the verdict was contrary to the evidence, a new trial will not be granted even though the verdict is without evidence to support it.

It follows that the plaintiff has expressly abandoned the general grounds of his motion for a new trial and now insists in this court only upon the special assignments of error appearing in special grounds 5, 6, and 7 of its amended motion for new trial.

■ In special ground 1, denominated "5" by counsel, the plaintiff insists that the court erred in charging the jury as follows: "I instruct you that the custom of any business or trade shall be binding only when it is of such universal practice as to justify the conclusion that it became by implication a part of the contract. Therefore, gentlemen, you must determine first

of all whether or not the definition contended for by the plaintiff of the word 'seconds' is a definition which is in use in the tire industry between wholesalers and wholesalers, that is, dealer to dealer, or dealer to manufacturer. Second, you must determine whether that custom is of such universal practice as to justify the conclusion that it became, by implication, a part of the contract in this case. In other words, did the parties to this case understand that the meaning of the word 'seconds' as it was used in this case was that meaning which is contended for by the plaintiff in this case."

The plaintiff insists that the above excerpt was not a sound and accurate statement of the law applicable under the facts, and that by such instruction the jury were authorized to find for the defendant unless they found that the defendant, at the time of the contract, understood that the meaning of the word "seconds" as used in this case was that meaning which is contended for by the plaintiff.

Code § 20-704 sets forth certain rules for the purpose of aiding in the construction of contracts. Subsection 3 thereof provides: "The custom of any business or trade shall be binding only when it is of such universal practice as to justify the conclusion that it became, by implication, a part of the contract." In the absence of proof that a custom generally recognized as prevailing in a given city of Georgia was known to a nonresident, such custom cannot be held to have become, by implication, a part of the contract entered into between a citizen of this State and a nonresident. *McCall* v. *Herrin*, 118 *Ga.* 522 (45 S. E. 442). To the same effect see *Savannah Bank & Trust Co.* v. *McQueen*, 149 *Ga.* 302 (2) (100 S. E. 33), and cit. The evidence did not demand a finding by the jury that the parties each had the same understanding as to the meaning of the term and word "seconds" as used in the contract involved, that is, that the defendant understood the term "seconds" to mean exactly what the plaintiff sets up was meant thereby. Consequently, it was not error for the trial court to instruct the jury as herein complained of. This charge stated an accurate principle of law and was not inapplicable here.

■ In special ground 2 (denominated by the plaintiff as "6"), complaint is made of the following charge: "If the specific arti-

cle of the kind and description referred to in the plaintiff's petition and in the contract in this case was delivered—or the articles, if you will have the plural—the tires were delivered and if you find that they were 'seconds' that there is no implied warranty that these tires would answer a purpose for which they were intended but only that the tires would conform to the description, that is, the description implied in the definition of 'seconds' if you have found in favor of the plaintiff on that definition and have been of good workmanship and material—in other words, gentlemen, if you find in favor of the plaintiff on the definition of the word 'seconds' I instruct you that the plaintiff could not recover even if some or all of the tires went bad for some reason other than the failure of the tires to meet the specifications in the plaintiff's definition of the word 'seconds', if you find in favor of the plaintiff's definition of the word 'seconds.' "

The plaintiff urges that this excerpt is not a correct and applicable statement of the law, not adjusted to the issues, and tended to confuse and mislead the jury. The plaintiff in his brief in this court has this to say relative thereto: "While the plaintiff does not feel that the language quoted in ground 6 of the plaintiff's amended motion is material enough error to warrant the grant of a new trial . . . it does contend that the subject of implied warranties should not have been dealt with in the charge since the theory of the plaintiff's case was based on the breach of the express warranty." It is true that, "Where there is a sale of personal property under an express warranty as to quality, there is no implied warranty." *Brooks Bros. Lumber Co.* v. *Case Threshing Machine Co.*, 136 *Ga.* 754 (72 S. E. 40) and cit.; *Compton* v. *Woodruff Machinery Mfg. Co.*, 23 *Ga. App.* 803 (99 S. E. 537). This is true because an express warranty necessarily excludes the warranty implied by law. Code § 96-301; *Lewis* v. *Dickenson*, 25 *Ga. App.* 354 (103 S. E. 195); *Hall* v. *Georgia Paper &c. Co.*, 57 *Ga. App.* 817 (196 S. E. 926). Where a written contract contains express warranties and agreements, the law will not imply that the parties agreed to the contrary. *Worthington &c. Co.* v. *Briarcliff, Inc.*, 67 *Ga. App.* 71, 81 (19 S. E. 2d 574) and cit.; *Frick Co., Inc.* v. *Smith*, 70 *Ga. App.* 118 (27 S. E. 2d 795).

"An express warranty may be created as a part of a contract of sale, by the use of such terms of description of the article sold as preclude any danger of mistaking or confusing that article with any other. An express warranty is exclusive of all warranties arising by implication. . . If an order be given to a manufacturer or dealer for a specific article of a known and recognized kind and description, and if the defined and described thing be actually supplied, there is no implied warranty that it will answer the purpose for which it is intended to be used. The only implied warranty or condition of the contract is that it will conform to the description and be of good workmanship and material." *City of Moultrie* v. *Schofield's Sons Co.*, 6 *Ga. App.* 464, 468 (65 S. E. 315) and cit.

No error appears from this ground of the amended motion for a new trial.

■ Special ground 3: The trial judge did not err in refusing to admit in evidence when offered by the plaintiff, the Federal Register of Saturday, September 7, 1946, containing a statement as to the meaning of the term "factory second," in use by the governmental agency generally known as O. P. A. and by the automotive and tire industry relative to dealings with such agency. This document was not admissible, and upon objection by counsel for the defendant was properly rejected. The present action was between tire dealers, and the question was the meaning of the word and term "seconds" when used in contracts between such dealers. Besides it does not appear that the meaning of the term "seconds" given in this Register, dated September 7, 1946, had remained unchanged for the past nine years or that such term is the same as "factory seconds."

The trial court did not err, as contended by the plaintiff in the three special grounds added by amendment to the motion for a new trial; and it appearing that the evidence was sufficient to authorize the verdict found in favor of the defendant (the general grounds also having been expressly abandoned by the plaintiff), the trial court properly denied the motion for new trial as amended.

The judgment denying the motion for new trial as amended, on which error is assigned in the main bill of exceptions, being affirmed as correct, it becomes unnecessary to pass upon the

alleged errors assigned in the cross-bill of exceptions sued out by the defendant, wherein it complains that the trial court erred in its findings on the general and special demurrers interposed by the defendant to the petition and the renewals thereof.

*Judgment affirmed on the main bill of exceptions. Cross-bill of exceptions dismissed. Townsend and Carlisle, JJ., concur.*