## COLLINS vs. LOYD.

1. If J. collects money for C., and, when sued by C. on a different demand, claims as a credit an amount paid to G., for C., a part of which payment was the money received by him for C., the Statute of Limitations will not interpose, to protect J. from accountability to. C. for the money then collected and paid out for C.

2. Newly discovered evidence, notwithstanding it relates only to the verbal admissions of the party, going to show that he has recovered wrongfully, is a good ground for granting a new trial.

Assumpsit, in Fulton Superior Court. Tried before Judge BULL, at the April Term, 1860.

James A. Collins brought an action of assumpsit in Fulton Superior Court against James Loyd, to recover the sum due on a promissory note given by the defendant, payable to the plaintiff, dated the 27th of July, 1851, and due the 25th of December, 1852 for eight hundred dollars, with interest from the date of the note. There was a credit endorsed on the note of "forty dollars and twenty-five cents, amount of J. Gilbert's note," and dated June 1st, 1857.

The defendant pleaded a set-off against the plaintiff's demand, which set-off consisted of a payment, by the defendant, for the use and benefit of the plaintiff, and at his request, of three hundred and fifty dollars, to one Joshua Gilbert.

On the trial of the case the plaintiff introduced, in evidence, the note sued on, and closed.

The defendant then proved by Joshua Gilbert, that on the 13th of February, 1855, the defendant paid him, for the plaintiff a physician's bill of two hundred and eighty-one dollars, or about that sum; that this amount included seventy-two dollars due him, by Miss Sarah Venable, and four dollars due him by Miss Jane Venable, and twenty-four dollars due him by Miss Julia Bolton, but which was all charged to the plaintiff; that plaintiff told the witness to settle with defendant, and it would all be right; the plaintiff and defendant were brothers-in-law, and had been in partnership a number of years before the transaction between defendant and witness. In answer to one of the cross-interrogatories, to wit: "Did defendant pay you any

money? If so, how much? Was not the principal amount paid you, paid in an account you owed Collins & Loyd?" the witness stated: "Defendant paid me some money, the amount he does not recollect. I owed Collins & Loyd an account; the amount I do not recollect. It was a small account."

The defendant then closed; and the plaintiff, in rebuttal, offered to prove by William R. Venable, "That the firm of Collins & Loyd was dissolved previous to the 21st of October, 1847, and that shortly after this suit was commenced the defendant told witness that the note sued on was given for the purchase money of a city lot in Atlanta." Counsel for defendant objected to the evidence, and the objection was sustained, and the evidence repelled by the Court, the plaintiff excepting.

The plaintiff then offered in evidence the original receipt, of which the following is a copy (the execution of the same having been proven), to wit:

"ATLANTA, GA., Oct. 21st, 1847.

"Received of Collins & Loyd, the account against Joshua Gilbert for three hundred and nine dollars, thirteen cents, which I, James Loyd, am to pay Jas. A. Collins one-half of the proceeds, when collected; and also one account on A. H. Green, dec'd, for one hundred and twenty-nine dollars and seventy-three cents.                    JAMES LOYD."

To the introduction of this receipt counsel for the defendant objected, and the Court excluded the evidence, and plaintiff excepted.

The plaintiff then introduced as a witness the Hon. Wm. Ezzard, who testified: "That in 1848, he, as administrator of A. H. Green, deceased, paid to the defendant the sum of one hundred and thirty dollars and twenty-six cents, on an account in favor of Collins & Loyd against the said deceased." Counsel for defendant moved to withdraw said testimony from the consideration of the jury, and the Court sustained the motion, and plaintiff excepted.

The presiding Judge, amongst other things, charged the jury—

"That if the accounts of Sarah Venable, Jane Venable and Julia Bolton were charged to the plaintiff by Gilbert, and that the same were paid to Gilbert by defendant on a settlement between the defendant and Gilbert, the jury were

authorized to infer, that the plaintiff was bound for the amount of the accounts, at the time they were paid, without other evidence of the fact;" to which charge plaintiff excepted.

The jury returned a verdict in favor of the plaintiff for the sum of seven hundred and ninety-two dollars and fifty-four cents, with interest from June 1st, 1857, with cost of suit.

Counsel for the plaintiff then moved for a new trial in said case, on the following grounds, to wit:

1. Because the Court erred in repelling the evidence of William R. Venable, offered by the plaintiff, as hereinbefore stated.

2. Because the Court erred in not admitting in evidence the receipt given by defendant, as aforesaid.

3. Because the Court erred in withdrawing the testimony of William Ezzard from the consideration of the jury.

4. Because the Court erred in charging the jury as hereinbefore given.

5. Because the verdict of the jury was strongly and decidedly against the weight of evidence in said case.

To this motion for a new trial, was added, by amendment, another ground, to wit:

6. Because, since the trial, and since the adjournment of the Court at which the rule *nisi* was applied for, the defendant has discovered that he can prove by Cicero H. Chandler, "that the defendant, James Loyd, told said Chandler that he, Loyd, only claimed a deduction of between one hundred and thirty and one hundred and forty dollars from the note sued on in said case;" which testimony did not come to the knowledge of plaintiff until after the trial, and after the application for a new trial.

This last ground was supported by the affidavits of the plaintiff and the said Cicero H. Chandler.

The presiding Judge overruled the motion for a new trial; and this decision is alleged to be erroneous, and a reversal of the same is asked by the plaintiff in error.

BLECKLEY & HOYT, for the plaintiff in error.

EZZARD & COLLIER, for the defendant in error.

*By the Court.*—LUMPKIN, J., delivering the opinion.

Collins sued Loyd on a promissory note for $800, given in July, 1851, and due 25th of December, 1852, with interest from date—the consideration for which was a lot sold in the city of Atlanta, by Collins to Loyd.

To this action the defendant pleaded a set-off of $281, paid by him, for the plaintiff, to one Joshua Gilbert, on a medical account, due by Loving G. Collins to Dr. Gilbert.

, As a reply to this plea of set-off the plaintiff proposed to prove the following facts, to wit: That previous to the year 1847 he and Loyd had been partners in trade; that a dissolution took place before the 21st of October of that year; that on the day last aforesaid Loyd receipted to the firm of Collins & Loyd for an account due the firm by Dr. Gilbert of $309.13, promising in the body of the receipt to pay over an account to Collins for one-half of said firm debt, when collected. And in connection with this receipt Collins relied on the evidence of Dr. Gilbert to establish that this account due by him to the firm was included in the settlement between Loyd and himself, made in February, 1855, the time when Loyd claims to have paid the $281 for Collins—Collins insisting that in the $281 was included the one-half of Dr. Gilbert's firm debt coming to him, namely, $154.56½. In other words, that that amount of the $281 was paid with his own money; and that, consequently, instead of Loyd's being entitled to a credit of $281, he could only claim the difference between $281 and $154.56½.

Dr. Gilbert was examined by commission, by Loyd, and very closely cross-questioned by the plaintiff, as to the manner in which the $281 was paid—whether in money and how much—and whether an account due by him to Collins & Loyd was not taken into the settlement?

His answer is unsatisfactory. He answers: "The defendant (viz.: Loyd), paid him *some money,* the amount he cannot recollect. It was a small account. The money was paid the day the receipt bears date (namely, his receipt for $281, paid by Loyd to him, for Collins). That was the day of settlement."

His Honor, the presiding Judge, on the idea that the receipt given by Loyd to Collins, in 1847, was barred by the Statute of Limitations, and that if the money had been

collected by Loyd the presumption was, it had been accounted for, or from some other consideration, ruled out Loyd's receipt for the Gilbert debt to the firm.

We can not concur in this view of the transaction. There is not a particle of proof that this account was settled prior to February, 1855. The fact that there were counter-claims outstanding between these parties may explain the cause of this delay. It is clear, from Gilbert's testimony, that the whole amount of the $281 paid by Loyd to him, for Collins, was not in money. Gilbert says, *"some money* was paid:" from which it may be fairly inferred that a portion, at least, if not the bulk of the payment, was in something else. The witness swears there was a small account due by him to Collins & Loyd; and it is deducible from his language, that that account, be it more or less, was included in the settlement.

Now, if there was any other account due by Gilbert to Collins & Loyd, except the one receipted for by Loyd in 1847, why was it not shown? It was an affirmative fact and susceptible of easy proof. But again: the firm of Collins & Loyd having dissolved prior to October, 1847, it almost amounts to a demonstration that there was but the one account, and, therefore, the one taken into the settlement.

And if the $281 was paid in part by Collins' money, the statute of limitations is not in his way, nor will it, till the end of time; but will come up for his protection whenever Loyd seeks to hold him responsible for the $281.

A new trial was asked by Collins on the ground that, since the trial, he had discovered that he could prove by one Cicero Chandler that Loyd had stated to him that, instead of $281, there was only some one hundred and thirty or one hundred and forty dollars due him by Collins; and Chandler gives his affidavit that he will testify to this admission, should there be a re-hearing.

The Judge repudiates this ground for a new trial, not because the proof is cumulative merely, as that it is not pertinent to the issue, or that there has been any want of diligence in not finding it out, but to discourage the practice of making this sort of testimony the ground for a new trial.

Now, while we may concur with our brother upon his view of what the law ought' to be, we do not feel at liberty to deprive a party of a clearly recognized right, allowed to

him by law, on the score of policy.   Our statute only forbids
the granting a new trial upon newly discovered evidence which
is cumulative merely, and not because the witness proposes
to testify as to the verbal statements and admissions of the
party; and the more especially should the new trial be awarded,
because the declarations made by Loyd corresponds so nearly
with the other facts developed in this case, and all going to
show that the defendant has obtained a credit for too large
a sum by the difference, at least, between $281 and $154.56½
—the one-half of the account due by Gilbert to the firm of
Collins & Loyd—to say nothing of the mistake in calculating
interest on the note sued on.

## JUDGMENT.

Whereupon, it is considered and adjudged by the Court,
that the judgment of the Court below be reversed, upon the
ground that the Court erred in not granting a new trial.