Mills *vs.* May.

MARY MILLS, administratrix, plaintiff in error, *vs.* WARREN A. MAY, administrator, defendant in error.

1. The execution of a deed to which an affidavit has been filed, under section 2670 of the Revised Code, cannot be proven by acknowledgements of the supposed maker of the deed that the land described was the property of the supposed grantee.

2. When on the trial of an action of ejectment the evidence turned on the question of title, and the verdict was for the defendant, and the plaintiff moved for a new trial on the ground of newly discovered testimony by which it could be shown that the defendant, whilst in possession of the land, had admitted that the same was the property of the plaintiff, he being the tenant, or in possession, as the agent of the plaintiff:

*Held,* That this did not come within the rule of excluding commulative testimony, as it went to a new and distinct right to recover, and a new trial ought to have been granted.

Ejectment.    New Trial.    Before Judge CLARK.    Calhoun Superior Court.    September Term, 1870.

This was ejectment by Doe, on the demise of Mary Mills, as administratrix of Frederick Mills, against Roe, casual ejector, and said May, as administrator of William Mills, tenant in possession, for land lot number one hundred and eighty-three, in said county.

Plaintiff claimed under a conveyance of said land by William Mims to Frederick Mills, made in March, 1857. The sole heir of William Mills and said May, had filed an affidavit that said deed was a forgery. When the cause was called for trial counsel agreed that the whole case, both the affidavit and the issue of title, should be tried simultaneously. Plaintiff's counsel testified that he had had said original deed, but it was lost or destroyed; said he did not know whether it was genuine. They then read in evidence a copy of said deed taken from the records. It was recorded in 1869.

Plaintiff's counsel then read in evidence two papers, as follows—after proving that they were signed by William Mills:

Mills *vs.* May.

"Received of Frederick Mills, to the hire of two negroes—Rials
and Isaac—hired to Cheever, for $425 00, and this year $400,
Golly.............................................................................$ 825 00
Also the rent of his land for............................................ 400 00
Also Tom, I sold to Brown................................................. 851 00
Also his cotton, 210, payable new years, 60........................ 260 00
I sold his mules to Roberts for cash.................................... 168 00
He let me have $150 note on McNeave................................. 300 00
A receipt on W. Smith for collection or returns.................... 426 00
    Which I promise to collect or return 2d Nov., 1858.

                      WM. MILLS."

"DECEMBER 22, 1858.

DEAR SIR: Mr. Patillo wants to hire Rial, Isaac; Duke
wants to rent your land for next. Refused on the ground,
I want you to go on, your land is good, and you can do as
well there as anywhere. I have made agreement with Dawson to go West, that I cannot attend. to your business any
more. I shall start to Stewart next January. * * * *
I shall come to see you next week and bring money, for I
know you are in need of it. Have all my papers where you
can lay your hand on them, and I will have yours, as I intend to leave all your papers.

                      "WM. MILLS.
"To F. MILLS."

The defendant introduced no evidence.

The Court charged the jury that, if the papers in evidence
showed that William Mills owed Frederick Mills for rent of
land, without specifying this lot of land, or advised Frederick to enter upon his lands, without specifying this lot of
land, they were insufficient without other evidence to set up
the deed; that plaintiff must know this is the lot of land
referred to, or that Frederick Mills had no other land. The
jury found for the defendant.

Plaintiff's counsel moved for a new trial upon the grounds
that the Court erred in charging as aforesaid, and because
the verdict was contrary to the evidence, etc; and for certain

newly discovered evidence. This newly discovered evidence was, that one Griffin would swear that a few weeks before William Mills died, Griffin applied to him to rent lot number one hundred and eighty-three, when William Mills told him it was Frederick Mills' land, that he had written Frederick that he was going West, and could not attend to his business longer, and said Griffin must rent it from Frederick Mills, who then lived in Mitchell county, and that he was trying to get Frederick Mills to move on to the land. This was shown by the affidavit usual in such cases. The Court refused a new trial, and that is assigned as error.

STROZIER & SMITH, for plaintiff in error. Judge cannot intimate opinion as to what is proven: Revised Code, section 3183; 39 Ga. R., 597; 40th, 291. Newly discovered evidence: 34 Ga. R., 1565; Revised Code, section 3665.

L. P. D. WARREN, by R. H. CLARK, for defendant.

McCAY, J.

We see no error in the charge of the Judge, upon the evidence. It was nothing but his duty to point out to the jury the necessity, resting upon the plaintiff, to show that the papers introduced and the admissions referred to the particular land described in the declaration, and this is all the charge amounts to. Whether the evidence did this or not, was distinctly left to the jury. We think, too, the jury was right in their finding. There was, in fact, no evidence to justify a verdict for the plaintiff. Everything in the papers produced, and in the admissions of the deceased, might have been true, and the plaintiff's deed be a forgery, nevertheless; since there was nothing to show that the reference was to the land in dispute. The evidence would apply just as well to any other tract of land in the county as to this. Besides, every word might have been true, and have applied to the land sued for, and yet the deed remain untrue. So far as

the execution of the deed is concerned, there was absolutely *no evidence.* We do think, however, the newly discovered evidence was important. Not that it proves the deed, but that it shows the defendant to have been the tenant or agent of the plaintiff. Had *this evidence* been before the jury, they must have found for the plaintiff.

Nor is it, in any fair sense, purely cumulative. The issue before the jury was as to the execution of the deed. This evidence bears upon the question of whose possession the defendant's possession was. If the new evidence is true, the defendant was holding the land for the plaintiff, either as his tenant or his agent. In either event, it was the plaintiff's possession, and he was entitled, *prima facie,* to recover on it, whether he proved title or not.

We think, therefore, the Court ought to have granted the new trial for this reason.

Judgment reversed.