ANDREWS *v.* MITCHELL *et al.*

92 629
94 612
92 629
96 153
92 6.9
129 477

1. The declaration in an action to recover damages for the wrongful and malicious suing out and execution of a warrant to dispossess the plaintiff of certain premises having attached thereto a copy of the affidavit and warrant, the latter sued out by Manley as agent of Mitchell, dated February 8th, 1892, with an entry by an officer on the same showing the fact of execution on the 2d day of March 1892, a plea to this action by both defendants alleging that "the premises were not rented to plaintiff longer than the 1st of December; that it was understood that plaintiff was to move out by that time, as the premises had been rented prior to plaintiff's moving in; that plaintiff's plunder was in the depot, and he urged the defendant Manley to allow him to move it into said house with above understanding as to length of time he was to occupy same; said plaintiff refused to vacate said premises as he agreed, and defendants did what they could to get said plaintiff out without resorting to legal steps, but failing in this, said Manley swore out a dispossessory warrant, and still leniency was shown plaintiff several weeks thereafter before the same was executed; that no violence was used on the part of defendants or the officer executing said warrant; the swearing out of the warrant and having the same executed was done in the utmost good faith and without malice and with probable cause," was, in substance, a plea of justification, and in the absence of a special demurrer thereto for want of sufficient fullness and certainty, was rightly so held, and this holding was, therefore, no cause for granting a new trial.

2. The newly discovered evidence disclosing important and material admissions by the plaintiff inconsistent with his right to recover, and not being merely cumulative, or of an impeaching character, there was no abuse of discretion in granting a new trial on this ground.

October 30, 1893.

Action for damages. Before Judge WESTMORELAND. City court of Atlanta. March term, 1893.

W. J. ALBERT, for plaintiff.

R. J. JORDAN, for defendants.

SIMMONS, Justice.

1. This was an action to recover damages for the wrongful and malicious suing out and execution of a warrant to dispossess the plaintiff of certain premises; and to the declaration filed in the case was attached a copy of the affidavit and warrant, the affidavit being sworn to by Manley as agent of Mrs. Mitchell. The defendants filed a special plea, which is set out in the first head-note. The question is, whether this plea is a plea of justification, or a plea of the general issue or not guilty. At the trial the court below held that it was a plea of justification, but upon a motion for a new trial, reversed this ruling. We think the court erred in holding the former ruling erroneous. A plea of the general issue, or not guilty, to an action of this kind, is a denial of the allegations in the plaintiff's declaration, and no other evidence is admissible under that plea except such as disproves the plaintiff's cause of action. Code, §3458. Under such a plea the facts set up by the defendants in this case could not have been proved. In order to introduce these facts it was necessary to file a special plea. A plea of justification admits that the act complained of was done, but sets up that the defendant was authorized by law to do the same. Code, §3051. In this case the plea admits that a warrant was sued out, that it was executed by dispossessing the plaintiff of the premises in dispute, and also sets out the facts which led to the suing out and execution of the warrant, and claims that the defendants were authorized by law, under these facts, to have a warrant issued and executed, and that they did so in good faith and without malice and with probable cause. While the plea does not state in so many words that they were justifiable in so doing, yet from the matter set out, justification is plainly implied or inferable. We therefore think the plea is in substance a plea of justification. *Rigden* v. *Jordan*, 81 *Ga.* 668, and cases

there cited; Stephen on Pleading, 9th Am. ed., p. 109 *et seq.* If in the opinion of counsel the plea was not sufficiently full and certain as to some of the admissions contained therein, he should have demurred specially thereto, so that it could have been amended in those respects; but upon a general demurrer, the court was right in the first instance in holding it a plea of justification. The case of *Phelps* v. *Thurman*, 74 *Ga.* 837, is distinguishable from this case. In that case the plea did not admit that the warrant was executed, but merely stated that the defendant was authorized by law to have it executed, and was justified in taking out the same; and it failed to set out any facts to show upon what the defendant relied as justification. See *Rigden* v. *Jordan*, 81 *Ga.* 671, where the case here referred to is distinguished.

2. One of the grounds of the motion for a new trial was newly discovered testimony. Some of this testimony disclosed important and material admissions by the plaintiff, inconsistent with his right to recover; and they were not merely cumulative, or of an impeaching character. This being true, the court did not abuse its discretion in granting a new trial on this ground.

*Judgment affirmed.*