MITCHELL *et al. v.* ANDREWS.

1. Where there was evidence both for and against the truth of a plea of justification, the jury should find against the plea unless it is sustained by a preponderance of the evidence. An instruction to this effect is the same, in substance, as directing the jury that in

order to uphold the plea they must be reasonably satisfied that it is true.

2. Where there would be no moral right to sue out legal process without probable cause, it was not error to instruct the jury that there would be no right to do it without such cause, and a plea of justification being filed, the burden of proof as to the right would be on the defendant.

3. There was no error in charging the jury on the subject of damages; nor, as against the defendants below, was any charge complained of erroneous.

4. A suggestion of the non-residence of one of the codefendants in the county in which the suit is located, no question having been raised on the jurisdiction until after verdict, and both defendants having appeared and pleaded, is idle and unfounded as a ground for a new trial.        *Judgment affirmed.*

June 30, 1894.

Action for damages. Before Judge WESTMORELAND. City court of Atlanta. November term, 1893.

Manley as agent of Mrs. Mitchell sued out a warrant to dispossess Andrews of certain premises in Hampton, Henry county. In the present suit Andrews alleged that said action was wrongful and malicious. The case came to this court (92 *Ga.* 629). It was again tried, and resulted in a verdict for the plaintiff. Defendants' motion for a new trial was overruled. The motion alleges, that the court erred in charging the jury that, under the plea of justification, the law casts upon the defendants " the burden of showing that they had the right to procure said warrant to dispossess the plaintiff; and this they must do to your reasonable satisfaction by a preponderance of the evidence." Also, in charging in the language of the code, §3066, and the first sentence of §3067. Also, that defendant Manley resided in Henry county, and only did what he was authorized to do; and hence the city court of Atlanta had no jurisdiction of him. There was no plea to the jurisdiction.

R. J. JORDAN, for plaintiff in error.
W. J. ALBERT, *contra.*