1852.  HARRELL *v.* SOUTHERN STATES PHOSPHATE & FERTILIZER COMPANY.

The verdict rendered not being absolutely demanded by the evidence, this court will not undertake to say that the judge erred in granting a first new trial, and especially will not hold that he abused his discretion in granting it upon a consideration of the newly discovered evidence, which is not merely cumulative and impeaching.

Complaint, from city court of Bainbridge—Judge Harrell. March 24, 1909.

Submitted June 10,—Decided July 31, 1909.

*R. G. Hartsfield,* for plaintiff in error.

*Donalson & Donalson,* contra.

RUSSELL, J. Harrell was sued as the surviving partner of J. E. Harrell & Son. The only issue in the case was partnership or no partnership. The plaintiff attempted to show that Harrell was in partnership with his deceased father. The defendant testified that he was not, at the time of the creation of the alleged debt or at any other time, a member of the partnership with his father. He did not contend that he had withdrawn from the partnership, but asserted that he had never been a member thereof. The jury returned a verdict in favor of the defendant. The plaintiff made a motion for a new trial, on the general and on special grounds, including that of newly discovered evidence. The newly discovered evidence consisted of certain letters written by the defendant to certain dealers in fertilizers, other than the plaintiff, in which he practically admitted that he was a member of the firm of J. E. Harrell & Son; and it was also shown that on the trial of another

case the defendant admitted that he was a member of the partnership. The judge granted a new trial. We do not think that in doing so he abused his discretion. It is true that newly discovered evidence, as a ground for new trial, is not favored; and the newly discovered evidence must not be merely cumulative or impeaching in character. But the proof of a substantive fact, even though it may be in line with certain evidence at the former trial, and though it may be impeaching of certain testimony offered by the defendant, may nevertheless be more than cumulative and impeaching, in the sense of the statute. It may be of such a character as that it will carry conviction of the justness of that party's cause in whose favor it is offered, and produce a different result on another trial. See *G. S. & F. Ry.* v. *Ransom*, 5 *Ga. App.* 740 (63 S. E. 525); *Andrews* v. *Mitchell*, 92 *Ga.* 629 (18 S. E. 1017); *Atlanta Con. St. Ry. Co.* v. *Beauchamp*, 93 *Ga.* 7 (19 S. E. 24); *Fellows* v. *State*, 114 *Ga.* 233 (39 S. E. 885). In any event, this court will not undertake to say that the trial judge abused his discretion in granting a first new trial, in view of the conflict in the evidence .

*Judgment affirmed.*