## PEEBLES v. WINDHAM.

No. 9506.   October 11, 1933.

*John B. Guerry,* for plaintiff.

*Homer Beeland* and *Gilbert C. Robinson,* for defendant.

Beck, P. J.   I. F. Peebles brought suit against J. J. Windham on two promissory notes.   One was for the principal sum of $3633.42, dated December 6, 1924, with a credit thereon, dated August 15, 1925, of $1928.77.   The other note was for the principal sum of $169.96, dated December 30, 1926.   In his answer the defendant claimed a credit of $2561 on August 15, 1925, and a credit of $1300 on November 15, 1925.   He alleged that these payments overpaid the note for $3633.42 by $227.58; and that, while later he gave the note for $169.96, in reality he had already paid Peebles more than he owed him.   He prayed for judgment in the amount of the overpayment; and for the cancellation of a deed given to secure one of the notes.   The jury returned a verdict in favor of the defendant for the amount by which he claimed that he had overpaid the plaintiff.   The plaintiff's motion for new trial was overruled.

The motion for new trial was based on the general grounds. Subsequently the movant filed an amendment in which he contended that he was entitled to a new trial because of material evidence which was discovered after the rendition of the verdict, consisting of a record of a certain mortgage-note dated January 30, 1925, for the principal sum of $1265, due six months thereafter, in favor of I. F. Peebles, signed by J. J. Windham, recorded in mortgage record 12, page 285, in the office of the clerk of the superior court of Taylor County, marked "Paid November 15th, 1925," signed I. F. Peebles, and also marked satisfied of record by entry signed by O. S. Cox, Clerk.   The plaintiff, by written notice duly served, had called upon the defendant to produce this note at the trial, to which the defendant responded by denying having such

a note. On the trial the defendant testified that such a note had never been in existence. The plaintiff testified that such a note had been given.

It seems from an inspection of the evidence that the plaintiff kept a record of the notes which he had taken in various transactions in the course of his business. Upon this bare statement it would appear that the evidence is merely cumulative, and falls within the rule that ordinarily cumulative and impeaching evidence is not a ground for a new trial. But in the present case there is shown, by uncontroverted evidence, the existence of such facts as prevents the application of the usual rule. While the plaintiff testified to the existence of a note for $1265, the defendant denied that any such note had ever been given. Windham, the defendant, claimed credit of $1300 on the larger note sued on, which he alleged had been made on November 15, 1925. But Peebles contended that in January, 1925, Windham owed him still another amount and "closed the same up" with a note for the sum of $1265, due August 1, 1925. The issue as to whether there had been a note for $1265 was clear-cut. If there had never been such a note, then the evidence indicated strongly that the payment of $1300 should have been credited on the $3633 note. But if the note for $1265, which Peebles claimed that Windham owed him, had been in existence, then that fact strongly tended to show that the payment of the $1300 was for this note for $1265, with interest. Now, as said above, there was a conflict in the testimony of the two parties. Peebles testified from a record that he kept of his notes payable. This record merely showed a note for $1265. But subsequently to the trial some one, in looking through the record of mortgages in Taylor County, found on that record the note for $1265 from Windham to Peebles, secured by a mortgage on live stock. Peebles' attorney made an affidavit that he knew nothing of this before the trial, and Peebles submitted an affidavit to show that he did not remember it, and that his failure to remember it was because of his weakened mental and physical condition. He was 75 years old, and in such a condition that in a few weeks after the trial he died. While this newly discovered evidence is, in a general sense, cumulative or impeaching, yet it relates to a new and distinct fact, showing, it seems beyond dispute, that there had been a note from Windham to Peebles for $1265. And while ordi-

narily newly discovered evidence that is cumulative is not ground for the grant of a new trial, yet in view of the materiality of the fact to which the newly discovered evidence relates, and the weight of this newly discovered evidence as the determining factor on the next trial, we are of the opinion that a new trial should have been granted, and that the court erred in refusing it.

*Judgment reversed. All the Justices concur.*