LUCE *v.* EVANS, administrator, *et al.*

No. 15686.    FEBRUARY 4, 1947.    REHEARING DENIED MARCH 20, 1947.

*Matthews & Matthews, George B. Culpepper Jr.,* and *George B. Culpepper III,* for plaintiff in error.

*W. H. Harris* and *Clarence W. Walton,* contra.

DUCKWORTH, Presiding Justice. (After stating the foregoing facts.) A ground of a motion for new trial based upon newly discovered evidence, as provided in the Code, § 70-204, must meet fully the requirements of § 70-205. The latter section requires that such a ground must be supported by an affidavit of the movant and each of his counsel that they did not know of the newly discovered evidence before the trial, and that the same could not have been discovered by the exercise of ordinary diligence; and if the newly discovered evidence is that of witnesses, affidavits as to their residence, associates, means of knowledge, character, and credibility must be adduced. There was no attempt here to comply with these statutory requirements. This rule must be applied more strictly in this case of an extraordinary motion for new trial. *Norman* v. *Goode,* 121 *Ga.* 449, 455 (49 S. E. 268); *Jackson* v. *Williams,* 149 *Ga.* 505 (2) (101 S. E. 116); *United States* v. *Hatcher,* 185 *Ga.* 816 (196 S. E. 773); *Brannon* v. *State,* 190 *Ga.* 203 (9 S. E. 2d, 152). On application of the rule, the motion to dismiss the extraordinary motion should have been sustained.

But it is contended by the movant that the rule should not be applied here for the reason that, as contended in the extraordinary motion, the previous decision of this court was based upon questions not put in issue by the pleadings or evidence or the charge, and, hence, no amount of diligence could have enabled the movant to have produced upon the trial the alleged newly discovered evidence. The excerpts from the evidence and the charge in the foregoing statement of facts, together with the testimony of A. J. Evans set out in the opinion on the previous appearance of the case, wherein he testified that the endorsee never had possession of the notes, demonstrate the total absence of any foundation for this contention. Accordingly, the court erred in granting the motion.     *Judgment reversed. All the Justices concur.*