31546. PERRY *v.* HAMMOCK.

172

PARKER, J. T. B. Perry, the plaintiff in error, brought a bail trover action for an automobile against W. R. Hammock, the defendant in error. The jury returned a verdict for the defendant and the overruling of the plaintiff's motion for new trial is assigned as error in this court.

■ There are two bills of exception in the record, one certified by the trial judge on January 13, and the other certified on March 3, 1947. The record specified in the two bills of exceptions is the same, and it was transmitted to this court and filed along with the first bill of exceptions on January 22, 1947. Under the rule that after a trial judge has signed a bill of exceptions he has exhausted his statutory power with respect thereto and cannot subsequently alter or recertify the same, we must consider this case as submitted on the first rather than on the second bill of exceptions. See *Perry* v. *Central Railroad,* 74 *Ga.* 411; *Minhinnett* v. *State,* 106 *Ga.* 141 (32 S. E. 19) ; *Reynolds Banking Co.* v. *Beeland,* 142 *Ga.* 242 (82 S. E. 662) ; *Cartledge* v. *Ashford,* 148 *Ga.* 589 (97 S. E. 521) ; *Walker* v. *State,* 153 *Ga.* 212 (111 S. E. 657) ; *Beecher* v. *Carter,* 189 *Ga.* 234, 240 (5 S. E. 2d, 648). Under these authorities it is clear that when the first bill of exceptions was signed by the trial judge the writ of error was thereby completed and further jurisdiction of the case was lost by the trial court and passed to this court.

■ We think this case is controlled by the ruling on the special ground in the motion for new trial which relates to newly discovered evidence. It appears that in the afternoon of the day on which the case was tried and after the trial the defendant went to the home of the witness who will testify as to the newly discovered evidence and talked with the witness about the case. The

affidavit of the witness in support of this ground of the motion recites in part as follows: "Hammock (the defendant) stopped his car in front of deponent's home and called deponent to him and bragged about how he won this case from Mr. Perry. Deponent asked Hammock how in the world he did it, and Hammock's reply was that 'money will do anything,' and proceeded to tell deponent that he paid one Doyle Mimbs, a witness for the defendant, to go to court and swear exactly what he (Hammock) wanted him to swear, and that the said Mimbs swore Mr. Perry out of court. I asked him how much he paid Mimbs for his testimony, and Hammock replied that he paid Mimbs $10." The record shows that the person named in the affidavit had testified as a witness for the defendant in the trial of the case. The affidavit as to the newly discovered evidence recited further that the defendant Hammock stated to the deponent "that the car was running fine, that the motor job was standing up perfectly," but that "he (Hammock) swore on the stand that the car would not run on account of the bursted (sic) motor," and that Hammock "frankly admitted to deponent that this testimony was false."

The general rule is that a new trial may be granted for newly discovered evidence of material admissions of the successful party which is not cumulative to other evidence offered at the trial. 29 Cyc. 906. "A new trial may be granted for newly discovered evidence of material admissions of the successful party, which is not cumulative to other evidence offered at the trial. Evidence of admissions made by the successful party after the trial, or subsequent declarations inconsistent with his testimony on the trial, may be ground for setting aside the verdict, at least in the interest of justice." 46 C. J. 270, § 237. "Cumulative evidence is commonly defined as additional evidence of the same kind to the same point." 29 Cyc. 907. "Cumulative evidence" is loosely defined by the Code, § 38-102, as "that which is additional to other already obtained;" but "the true test as to whether evidence is cumulative depends not only on whether it tends to establish the same fact, but it may depend on whether the new evidence is of the same or different grade." *Johnson* v. *State*, 196 *Ga.* 806 (2) (27 S. E. 2d, 749). That case also holds that "when newly discovered evidence either relates to a particular material issue concerning which no witness has previously testified, or is of a higher and

different grade from that previously had on the same material point, that it will ordinarily be taken outside the definition of cumulative evidence and afford basis for a new trial."

These general rules have been followed by the courts in this State. It was held in *Collins* v. *Loyd,* 31 *Ga.* 128 (2), that "Newly discovered evidence, notwithstanding it relates only to the verbal admissions of the party, going to show that he has recovered wrongfully, is a good ground for granting a new trial." In *Mills* v. *May,* 42 *Ga.* 623 (2), the court said "When on the trial of an action of ejectment the evidence turned on a question of title, and the verdict was for the defendant, and the plaintiff moved for a new trial on the ground of newly discovered testimony by which it could be shown that the defendant, whilst in possession of the land, had admitted that the same was the property of the plaintiff, he being the tenant, or in possession, as the agent of the plaintiff:. *Held,* that this did not come within the rule of excluding cumulative testimony, as it went to a new and distinct right to recover, and a new trial ought to have been granted." In *Andrews* v. *Mitchell,* 92 *Ga.* 629 (2) (18 S. E. 1017), it was held that the newly discovered evidence disclosing important and material admissions by the plaintiff, inconsistent with his right to recover, and not being merely cumulative or of an impeaching character, a new trial was properly granted. "Evidence is not merely cumulative, though it may have some bearing upon the main issue in controversy, if it relates to new, distinct, and material facts about which no witness testified at the trial. See *Dale* v. *State,* 88 *Ga.* 552 [15 S. E. 287]. The newly discovered evidence in the present case, it being in any view a close and doubtful one, was not, under the rule just stated, merely cumulative, and it was of sufficient importance to render the granting of a new trial proper and right." *Georgia Southern & Florida Ry.* v. *Zarks,* 108 *Ga.* 800 (2) (34 S. E. 127). "While ordinarily newly discovered evidence that is merely cumulative is not ground for the grant of a new trial, yet in view of the materiality of the fact to which the newly discovered evidence in this case related, and the weight it would have as a determining factor upon another trial, a new trial should have been granted, and the court erred in refusing it." *Peebles* v. *Windham,* 177 *Ga.* 741 (171 S. E. 452). See also *Harrell* v. *Southern States Phosphate &c. Co.,* 6

*Ga. App.* 535 (65 S. E. 305) ; *Askew* v. *Gaskins,* 40 *Ga. App.* 784 (2) (151 S. E. 539) ; *Gregory* v. *Harrell,* 88 *Ga.* 170 (14 S. E. 186).

The statutory requirements as to diligence of parties and their counsel, and the production of the affidavit of the witness by whom the new facts are to be proved, with the necessary showing as to the residence, associates, means of knowledge, character and credibility of the witness are fully met in the allegations of this ground of the motion. It appears also that the newly discovered evidence is material, and is not merely cumulative or impeaching in its character, and that it relates to new and material facts which could not have been discovered by the applicant before the rendition of the verdict against him, and that said newly discovered evidence was brought to the notice of the court within the time allowed by law for entertaining a motion for a new trial as required by the Code, § 70-204. It appears also that when the contentions made in this ground were submitted to the court in the amended motion for new trial the defendant made no denial of the allegations, and offered no counter showing whatever as to the truthfulness of the charges made against him. The admissions made by the defendant showed that he had wrongfully prevailed in the case, and the court should have granted a new trial on this ground.

If the admissions charged to the defendant were true, and they will be so treated since there was no counter showing or challenge of their correctness, the defendant wrongfully recovered a verdict in his favor which should be set aside by the granting of a new trial. The statute, Code, § 70-204, making newly discovered evidence a ground for new trial, means that "in a proper case, where all the rules of law have been met . . a new trial must be granted." While such a ground of a motion for new trial is addressed to the sound discretion of the trial judge, "it must be remembered that the sound discretion here referred to is subject to the law, and that it is an abuse of discretion to render judgment contrary to fixed rules of law." *Matthews* v. *Grace,* 199 *Ga.* 400, 404, 405 (34 S. E. 2d, 454). Our ruling herein is not in conflict with the rule as to the setting aside of judgments obtained by perjury, as set out in the Code, § 110-706, but is based upon admissions of a party to the case wholly inconsistent with his right.

to recover, and which show that he has obtained a verdict in an improper and illegal manner.

■ The bill of exceptions complains of the ruling of the court upon objections to certain oral testimony offered by the defendant. These contentions cannot be considered because the evidence objected to and admitted by the court is not set out literally or in substance either in the bill of exceptions or in the motion for new trial, and the assignment of error on this point is incomplete.

■ Error is assigned in the bill of exceptions on the ground that the trial judge expressed his disapproval of the verdict at the time it was rendered, and that he did not unqualifiedly approve the verdict in passing upon the motion for new trial. Since this is a matter that probably will not arise upon another trial of the case, it is not necessary for this court to pass upon that question now.

This case was considered by the court as a whole under the provisions of the act approved March 8, 1945 (Ga. L., 1945, p. 232).

*Judgment reversed. Sutton, C. J., concurs. MacIntyre, P. J., Gardner and Townsend, JJ., concur specially. Felton, J., dissents.*

MacIntyre, P. J., concurring specially. The gist of the plaintiff's complaint in special ground one is that the newly discovered evidence relates to the verbal admission of the defendant after verdict and goes to show that the defendant had obtained a verdict wrongfully.

The plaintiff, however, pleaded as a matter of inducement and as merely introductory to the gist of the cause of his complaint *(Hobbs v. Holliman,* 74 *Ga. App.* 735, 41 S. E. 2d, 332), or in some respects explanatory of it, or the manner in which it originally took place, that the defendant had given a witness money to swear falsely and that the defendant had sworn falsely himself.

If there had been no admission by the defendant that the verdict had been wrongfully obtained, and the plaintiff had relied solely upon the fact that the verdict was obtained on the perjured testimony of the defendant's witness and the defendant himself, another question would be presented. To illustrate, suppose the defendant had not testified himself but had admitted after verdict that he had wrongfully obtained such a verdict in a manner other than by perjured testimony. In such a case, Code, § 110-706,

entitled "Judgments obtained by perjury," would not be applicable.

The defendant might have used any one of several means to obtain a judgment wrongfully. Merely because the defendant in the instant case obtained a judgment by the use of perjured testimony rather than by some other means does not change the gist of the plaintiff's complaint which is that the defendant admitted orally after verdict that he had obtained a judgment wrongfully. *Collins* v. *Loyd,* 31 *Ga.* 128 (2).

I am authorized to say that Gardner and Townsend, JJ., agree with this special concurrence.

FELTON, J., dissenting. I dissent from the judgment because the newly discovered evidence is merely impeaching in its nature and conviction of the defendant and the witness attacked for perjury is not shown. The affidavit of the new witness tends to show that the testimony of the defendant and a witness for the defendant was false. The facts sought to be impeached were testified about at the trial and such an impeachment amounts to no more than an effort to obtain a new trial on the ground that the defendant and his witness had committed perjury, without first obtaining a conviction of the alleged perjurers. I do not think that the facts of this case bring it within the rulings in the cases cited where admissions of parties were held not to be cumulative evidence. The admissions in those cases were not made after trial, as I interpret the opinions, but before the trial and might have been introduced on the trial if they had been known. Further, the fact that no counter-showing was made is irrelevant.

The majority and concurring opinions seem to me to be based on a false premise (based on decisions which I do not think support the premise), to wit, that a new trial may be granted when a party makes an admission after trial that he has obtained a verdict wrongfully, whether the admission shows that the verdict was obtained by perjury or otherwise. If such a premise means that a new trial may be granted because of perjury, without a conviction of the witness, it is contrary to the statute which requires the conviction. I cannot see how the fact that one of the alleged perjurers is a party changes the rule because if a party testifies he is a witness and under the statute the same rule would apply to him. Under Georgia law the conviction of the perjured party or witness is necessary before a new trial can be granted on the ground

of perjury. The citations from textbooks and from other jurisdictions where this rule does not prevail are not even persuasive authority in this state.