33913.   McCOWEN *v.* ALDRED.

DECIDED FEBRUARY 27, 1952.

*Wm. J. & W. G. Neville, Carlisle & Bootle,* for plaintiff.
*Fred T. Lanier, Robert S. Lanier,* for defendant.

TOWNSEND, J. (After stating the foregoing facts.) ▪ The first ground of the amended motion for a new trial complains of the following portion of the charge of the court: "I charge you, gentlemen, in order to constitute a partnership, there must be liability on the part of the partners to sustain the losses and also to enjoy the profits, if any." The fifth special ground complains of the following charge: "A joint interest in partnership property or joint interest in the profits and losses of the business shall constitute a partnership as to third persons. A common interest in profits alone shall not." It is insisted that these charges were error since, as between the parties, their intention controls (*Moore* v. *Harrison,* 202 *Ga.* 814, 818, 44 S. E. 2d, 551; *Huggins* v. *Huggins,* 117 *Ga.* 151, 43 S. E. 759); and since, as stated in *Smith* v. *Hancock,* 163 *Ga.* 222, 231 (136 S. E. 52), "There may be a legal and valid partnership, although one or more of the parties are guaranteed by the others against loss." In the *Smith* case, as also in *Camp* v. *Montgomery,* 75 *Ga.* 795, and *Brandon & Dreyer* v. *Conner,* 117 *Ga.* 759 (45 S. E. 371), a joint ownership of partnership property or capital existed. No partnership relation exists where one party provides all the capital and bears all the losses, the other being entitled to a share of profits in return for his services. *Sauls* v. *Scott,* 46 *Ga. App.* 243 (1) (167 S. E. 311).

In the present case, the evidence was conflicting as to whether partnership funds and property were risked in the venture, or

whether the plaintiff's share thereof merely constituted a loan to the defendant. The petition alleged, however, that the plaintiff and defendant agreed to share equally the losses and profits of McCowen-Aldred Company on the Charleston construction job. The plaintiff testified that he and the defendant had an agreement to share profits and losses on the first two projects, and that according to his understanding the arrangements for the Charleston project were the same. The defendant testified that the plaintiff was not liable for any losses on the Charleston job. Accordingly, under the pleadings and evidence in this case, the issue of whether there was liability on the part of the plaintiff for losses which might have been sustained was material, and the plaintiff made no contention, such as appears in *Smith* v. *Hancock*, supra, that the defendant would indemnify him against loss. The court should not charge on a non-existing contention of a party to a suit. *Evans* v. *Kent*, 28 *Ga. App.* 172 (1) (110 S. E. 685). Since the plaintiff did contend that the partnership agreement in question contemplated the sharing of profits and losses, and did not contend that the defendant had agreed to indemnify him against losses, a charge that to constitute a partnership there must be liability on the part of the partners to sustain losses and enjoy profits was adjusted to the issues of this case and was not harmful to the plaintiff. Nor was the giving in charge of Code § 75-102 harmful, since the plaintiff did contend that he had a joint interest in the profits and losses of the business, and he also contended for a joint interest in partnership property, but did not contend that he had a common interest with the defendant in the profits alone. These assignments of error are without merit.

■ The sixth ground of the amended motion for a new trial is based upon allegedly newly discovered evidence, embodied in the affidavit of Julius F. Vaughn, stating: that, at the time of the trial, he was in Arizona and not available as a witness; that he was bookkeeper for the partnership, McCowen-Aldred Company, for approximately 30 months, and was their bookkeeper in Charleston for five months; that, during the negotiations for the Charleston contract with Dawson Engineering Company, Mr. Aldred and Mr. McCowen went to Charleston; that McCowen returned first; that, when Aldred returned, he stated that he had

taken the Charleston job in his name under a power of attorney from Dawson Engineering Company to save red tape, trouble, and delay in starting the job, but that he and McCowen were still partners; that some of the assets of McCowen-Aldred Company were taken from Sebring and used on the Charleston job; that, as bookkeeper on the Charleston job, he informed McCowen and Aldred that, since they were partners, they should discontinue a practice recently set up of paying social security on their drawing account, and that this practice was then abolished.

This affidavit is supported by affidavits of two witnesses as to the residence, character, and credibility of the affiant, by affidavit of one witness as to the affiant's associates, and by affidavits of two witnesses as to his means of knowledge of the facts stated in the affidavit. It further appears from the affidavits of the plaintiff, his chief counsel and associate counsel, that the plaintiff had suggested that Vaughn would probably have pertinent information because of his position, although the plaintiff did not know what facts he knew or remembered; that Vaughn was in Arizona at the time; that the plaintiff called him by long distance, and Vaughn, without revealing what testimony he could give, said that it would be inconvenient for him to testify; that the plaintiff's attorney then wrote him two letters inquiring as to his knowledge of the case, but that the letters were neither answered nor returned, and that they did not know and had no method of ascertaining by reasonable diligence what information, if any, the witness might have. Upon the hearing of the motion for a new trial, the defendant introduced a counter-affidavit denying the facts stated.

The affidavits on behalf of the plaintiff meet the requirements of Code § 70-205 as to form, and are not objectionable on that ground. That part of the Code section which states, "If the newly discovered evidence is that of witnesses, affidavits as to their residence, associates, means of knowledge, character and credibility must be adduced," does not require that each of the supporting affidavits must contain all of these requirements. An affiant in position to swear to the residence and associates of the prospective witness might not be in position to swear to his means of knowledge. The number of supporting affidavits is not limited. They were sufficient in this respect,

and also state facts sufficient to show that diligence was used in an attempt to locate the witness and ascertain whether or not he would be helpful to the plaintiff's case. As to the substance of the testimony, the question is whether it represents "material evidence, not merely cumulative or impeaching in its character, but relating to new and material facts," under the requirements of Code § 70-204. A part of the sworn statement, that concerning the movements of the plaintiff and defendant and bringing of materials to the new location for use there, is cumulative. However, the witness further offers to testify that both the plaintiff and defendant ceased the practice of claiming credits for social-security deductions on the books under the defendant's supervision for the reason that such benefits are not allowable to partners, and also that the defendant admitted after returning from signing the contract in Charleston that it had been taken in his name only for the purpose of expediting the project, and that he and the plaintiff were still partners. Such an admission, if true, would constitute important and material evidence on the question of the intention of the parties at the time the new project was undertaken. In *Collins* v. *Loyd*, 31 *Ga.* 128 (2), it was held: "Newly discovered evidence, notwithstanding it relates only to the verbal admissions of the party, going to show that he has recovered wrongfully, is a good ground for granting a new trial." In *Perry* v. *Hammock*, 75 *Ga. App.* 171 (2) (42 S. E. 2d, 651), a new trial was granted on the ground of newly discovered evidence that the prevailing party admitted he won because a witness falsely testified in his favor. In 66 C. J. S., p. 316 the following is stated: "A new trial may be granted for newly discovered evidence of material admissions of the successful party, which is not cumulative to other evidence offered at the trial." See also *Mills* v. *May*, 42 *Ga.* 623 (2); *Andrews* v. *Mitchell*, 92 *Ga.* 629 (2) (18 S. E. 1017). The admissions of the defendant, if proved, would show his intention to continue the partnership as contended by the plaintiff, and in consequence a wrongful recovery on his part. The issues of this case being close and doubtful in the extreme, and the proof offered in general inconclusive, a new trial should have been granted to admit the newly discovered evidence set forth in the sixth ground. Other alleged newly discovered evidence set up in the

seventh special ground, relating to an indemnity bond signed by the plaintiff as set out in the supporting affidavit, is not considered, since this ground is not complete within itself.

█ The remaining grounds of the amended motion for new trial are not passed on. The special assignments of error relate to facts not likely to recur, and the general grounds are not passed on, as the issue is to be tried again.

The trial court erred in overruling the motion for a new trial.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*