### 20341. WILLIAMS *v.* WILLIAMS *et al.*

WYATT, Presiding Justice. "When a motion for new trial is made on the ground of newly-discovered evidence, it must appear by affidavit of the movant and each of his counsel that they did not know of the existence of such evidence before the trial, and that the same could not have been discovered by the exercise of ordinary diligence. If the newly-discovered evidence is that of witnesses, affidavits as to their residence, associates, means of knowledge, character and credibility must be adduced." Code § 70-205. In *Luce* v. *Evans,* 202 *Ga.* 48, 50 (41 S. E. 2d 878), it was held that this rule must be applied more strictly in the case of extraordinary motions for new trial, such as is here under consideration. In the instant case, no effort was made to comply with the requirements of this Code section, especially the last sentence thereof. The plaintiff in error contends, however, under the authority of the ruling in *Perry* v. *Hammock,* 75 *Ga. App.* 171 (42 S. E. 2d 651), that such supporting affidavits are not required. There is no merit in this contention because in *Perry* v. *Hammock,* supra, it is stated that the statutory requirements as to affidavits were fully met. Likewise in *Collins* v. *Loyd,* 31 *Ga.* 128, it is stated that the motion for new trial upon the ground of newly discovered evidence was supported by affidavits of named persons. While it is true that the deponent in the affidavit offered in support of the motion for new trial was one of the successful parties in the trial in which it was sought to cancel certain deeds from the plaintiff in error to each of three defendants, and that the affidavit in effect affirms that

everything the deponent testified to upon the trial was false, the affidavit itself states that the deponent has deeded back the interest he received under the deed in question to him. Therefore, it appears that if another trial should be granted, he would be a witness against the other two defendants. "The word 'witnesses' as employed in the last paragraph of § 6086 of the Civil Code (1910), refers to witnesses whose evidence is to be used on the merits of a case if a new trial is had." *Davis* v. *State*, 150 *Ga.* 19 (1) (102 S. E. 445). The requirements of Code § 70-205, therefore, are applicable to the witness in the instant case; and the failure of the movant to adduce by affidavit the residence, associates, means of knowledge, character, and credibility of the deponent was a sufficient reason for the trial court to deny the extraordinary motion for new trial on the ground of newly discovered evidence. It was, therefore, certainly not an abuse of discretion to do so.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 14, 1959—DECIDED FEBRUARY 9, 1959—REHEARING DENIED MARCH 6, 1959.

*Max R. McGlamry, Ernest C. Hadley, Jr.,* for plaintiff in error.

*J. Gordon Young,* contra.